858 February 4, 2026 No. 68

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RUBY IRIS TAYLOR,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A184634

Submitted October 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision determining that she was not likely to be rehabilitated within a reasonable amount of time and deferring her next hearing for three years, following a murder-review hearing, at which petitioner had the burden of proving that she was likely to be rehabilitated within a reasonable amount of time. ORS 163.105(2); OAR 255-032-0020. Petitioner first assigns error to the board's finding that she failed to prove that she was likely to be rehabilitated within a reasonable time. In her second assignment of error, she contends that the board erred by deferring her next review hearing for three years. We affirm.

We review the board's order for substantial evidence and reason. *Castro v. Board of Parole*, 232 Or App 75, 83, 220 P3d 772 (2009). In contending that the board's order lacks substantial evidence and reason, petitioner argues that the board erred by relying on hearsay contained in a post-sentence report.

The board contends that petitioner did not timely object to the board's consideration of the contents of the post-sentence report. As the board noted in its administrative review response, despite having had access to the material in question for 14 days before the murder-review hearing, neither petitioner nor her attorneys filed a written objection, and they made no oral objection to the evidence at the murder-review hearing. The board had advised petitioner that if she had objections to evidence, she needed to object at the time the evidence was offered. To demonstrate preservation on appeal, petitioner cites only the arguments in her request for administrative review of the board's decision— not prior to or during her murder-review hearing. We agree with the board that it did not err by rejecting the objections as untimely. And to the extent that petitioner now argues that consideration of the evidence violated her due process rights, that argument is unpreserved.

The remainder of petitioner's arguments on both her first and second assignments of error also do not provide

a basis for reversal of the board's order. She argues that the board erred in determining (1) that her involvement in individualized therapy treating her gender dysphoria was inadequate to address her substance abuse and other rehabilitation issues; (2) that she lacked maturity and responsibility; (3) that her prior criminal history weighed against her; and (4) that she lacked accountability, insight, and empathy. She also argues that the board lacked substantial evidence and reason for deferring her next murder-review hearing for three years. Those arguments rely in part on her argument that the board improperly relied on the contents of the post-sentence report. Having rejected that argument, we consider the evidence in the record in determining whether substantial evidence supports the board's order.

We conclude that the board relied on substantial evidence and substantial reason for its determination that petitioner had not carried her burden of persuasion that she was likely to be rehabilitated within a reasonable time, and for its determination that her next hearing should be deferred for three years. We do not reweigh the evidence, and the record was not such that the board would have been compelled to find that petitioner had met her burden of persuasion. *See State v. A. R. H.*, 371 Or 82, 96, 530 P3d 897 (2023) (when petitioner has the burden of persuasion, if the factfinder found that petitioner did not carry that burden, that finding is binding unless the evidence in the record compelled the factfinder to find the facts another way as a matter of law). The factors the board identified—lack of effort to address criminal risk factors; lack of effort to address substance abuse; inability to demonstrate remorse; and lack of concern for others—are supported by substantial evidence and reason.

Specifically, the board found that it was commendable that petitioner had engaged in individualized therapy throughout her incarceration to address depression and gender dysphoria, but also found that her "engagement in rehabilitative programming and treatment [was] lacking." It found that she did not demonstrate true remorse for her actions, but that she focused on her feelings of shame, and that she did not express remorse for her physical and sexual

violence against her siblings and her first wife. Petitioner argues that the board "ignored petitioner's direct expressions of remorse and empathy" but it is for the board to weigh evidence and make credibility findings. The board also found that despite participation in domestic violence programming petitioner demonstrated only a "rudimentary" understanding, lacking in insight relating to her triggers, the cycle of violence, and the impacts of domestic violence on victims. The board also found that petitioner minimized and denied having a substance abuse problem despite evidence of a history of substance abuse, including in connection with the murder for which she is currently incarcerated. In light of those findings, the board was not required to determine that petitioner's individual therapy adequately addressed other rehabilitation issues that it identified.

The board's order was supported by substantial evidence and substantial reason. We therefore affirm the board's order.

Affirmed.